Filed 12/12/24  P. v. Labon CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B336089 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA072347) |
| v. | |
| GARY DEVAUGHN LABON, | |
| Defendant and Appellant. | |

THE COURT:

Gary Devaughn Labon (defendant) appeals from the order of the trial court denying his petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2]

---

**1**    All further statutory references are to the Penal Code unless otherwise indicated.

**2**    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

Defendant's attorney filed a brief raising no issues and asked this court to independently review the record. Defendant submitted a supplemental brief on his own behalf. Under the standard articulated in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we decline counsel's invitation to undertake an independent review of the record. Instead, we evaluate the arguments defendant raises in his letter brief. (*Id.* at pp. 231-232.) Finding none of his arguments meritorious, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

## I.    Facts[3]

### A.    *The underlying crime*

In the early morning hours of September 18, 2009, defendant was detained by police officers who were responding to a 9-1-1 call that reported "[a] man dragging a body" across a front lawn. Defendant's pants were undone, and his genitalia were exposed. The victim, a 69-year-old lady, was discovered farther down the street. She was lying on her back, had no pants on, was "completely unresponsive" and looked "gruesome." Specifically, she had severe bleeding in her brain, her left eye was filled with blood, the left side of her face was filled with air because of the trauma she suffered, and she had multiple shattered bones in her face. The victim's DNA matched blood and semen samples taken from defendant and his clothing. Following the attack, the victim was paralyzed by brain trauma, was fed through a feeding tube,

---

For the sake of simplicity, we will refer to the section by its new numbering only.

[3]    We draw these facts from our prior, unpublished appellate opinion affirming defendant's convictions (*People v. Labon* (May 1, 2013, B239688)), but we do not rely on these facts for our analysis or disposition here. (See § 1172.6, subd. (d)(3).)

and confined to a nursing home.

**B.** *Conviction and appeal*

The People charged defendant with (1) forcible rape (Pen. Code, § 261, subd. (a)(2)), (2) attempted premeditated murder (§§ 664, 187, subd. (a)), and (3) kidnapping to commit rape (§ 209, subd. (b)(1)).

A jury convicted defendant of all three counts, and also found true enhancements that defendant inflicted great bodily injury pursuant to sections 667.61 and 12022.7.

The trial court imposed a prison sentence of life plus 30 years. Specifically, the trial court imposed a sentence of life for the attempted murder plus a consecutive five years for the infliction of great bodily injury. The court then imposed a consecutive 25-year term for the forcible rape. The court imposed but stayed, under section 654, a sentence of life imprisonment plus five years for the kidnapping count.

We affirmed defendant's conviction and sentence on appeal.

**II. Procedural Background**

On November 15, 2022, defendant filed a petition seeking resentencing under section 1172.6. In the form petition, defendant checked the boxes for the allegations that he had been "convicted of . . . attempted murder" under a theory of "felony murder, murder under the natural and probable consequences doctrine or other theory under which malice [was] imputed" to him, and that his murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019."[4] The matter was assigned to the same trial judge who

---

[4] Defendant concurrently filed a declaration of prejudice under Code of Civil Procedure section 170.6. On February 15, 2023, the court denied the motion on the ground that defendant

3

had presided over defendant's trial and sentencing hearings. The trial court appointed counsel for defendant. The People filed an opposition and attached the portions of the trial transcripts containing the jury instructions and the parties' arguments. Defendant then filed a brief in support of his petition.

On November 8, 2023, the trial court held a hearing on defendant's petition for resentencing and denied it. The court found defendant had not demonstrated a prima facie case that he qualified for relief under the statute because (1) "defendant was not convicted under any theory involving imputed malice"; and (2) "[n]o accomplice was tried or suggested" because defendant was the "actual perpetrator" of the attempted murder.

Defendant filed this timely appeal.

## DISCUSSION

Section 1172.6 is the procedural vehicle by which persons convicted of attempted murder in now-final judgments can seek to vacate convictions that do not satisfy the currently permissible theories for homicide liability. (§ 1172.6, subd. (a).) In assessing whether a defendant seeking relief under section 1172.6 has made out a prima facie case warranting an evidentiary hearing, a trial court must take the petition's factual allegations as true and ask "'"whether the petitioner would be entitled to relief if [those] allegations were proved."'" (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) "'However, if the record, including the court's own documents [from the record of conviction], "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the

---

had previously used his one challenge under section 170.6 to disqualify a prior assigned trial court judge.

4

petitioner.""" (*Ibid.*)

Here, the trial court properly determined that defendant did not establish a prima facie entitlement to relief under section 1172.6 for two reasons. First, the record of conviction conclusively establishes that defendant was the sole person involved in the charged crime, and the jury specifically found that defendant was the sole perpetrator when it found that *he*—and not anyone else—personally inflicted great bodily injury. Where "the record . . . makes clear that [a defendant] was the actual killer [or attempted killer] and the only participant in the killing [or attempted killing]," that defendant is not entitled to relief under section 1172.6 as a matter of law. (*Delgadillo*, *supra*, 14 Cal.5th at p. 233; *People v. Garcia* (2022) 82 Cal.App.5th 956, 973.) Second, by virtue of its verdict, the jury necessarily found that defendant personally harbored the intent to kill (and hence intent was not imputed to defendant by virtue of someone else's act). Before authorizing the jury to convict defendant of attempted murder or to find that he acted with premeditation, the jury instruction required the jury to find that defendant acted with the intent to kill. The jury was never instructed on a theory by which defendant was *not* the actual attempted killer (and hence was *not* the person acting with the intent to kill): There was no instruction on direct aiding and abetting, no instruction on felony murder, and no instruction on the natural and probable consequences doctrine. Where, as here, the record does not permit conviction on a theory of imputed malice, the defendant is not entitled to relief as a matter of law. (E.g., *People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

Defendant's 70-page, handwritten supplemental brief argues that he was denied a fair trial in various respects. Among

5

other things, he argues that (1) he received ineffective assistance from his trial counsel because counsel failed to introduce a police report, and thoroughly examine an expert witness; (2) the victim's swab samples should have been excluded from evidence because the People failed to establish a sufficient chain of custody; (3) the prosecutor committed misconduct by coercing a witness to testify falsely; and (4) the trial court did not conduct a fair trial and "improperly aligned" itself "with the prosecution to develop evidence on its behalf." None of these claims is cognizable on appeal from the denial of a motion for relief under section 1172.6. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [section 1172.6 "does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings"]; see also *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal, and [defendant] cannot use it to resurrect a claim that should have been raised in his [earlier] direct appeal"].)

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

ASHMANN-GERST, Acting P.J., CHAVEZ, J., HOFFSTADT, J.

6